UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05CR40007-FDS |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| MICHAEL R. DEPPE, ) | 18 U.S.C. § 1341 (Mail Fraud) |
| ) | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. ) | 18 U.S.C. § 981(a)(1)(C) |
| ) | 28 U.S.C. § 2461(c) (Criminal Forfeiture) |

## INDICTMENT

The Grand Jury charges:

### OVERVIEW OF FRAUD SCHEME

1. MICHAEL R. DEPPE lived at various addresses in Massachusetts from March, 2003, through December, 2004.

2. During that time period, DEPPE executed a scheme to defraud a series of people through transactions that he arranged via the internet.

3. DEPPE initially contacted potential customers by e-mail, offering to sell them various kinds of merchandise – primarily sports memorabilia, electronic equipment, and Rolex watches – at very competitive prices. He identified these potential customers by looking for people who had unsuccessfully bid on similar items through on-line auction sites like eBay.

4. Although the specifics of each scam varied, DEPPE generally requested that the customers pay him by wire-transferring money to his bank account. But in an effort to persuade them that the transactions were legitimate, DEPPE often gave the customers a U.S. Postal Service tracking number for the packages that he misrepresented as being the merchandise that the customers had ordered. In some cases, he even allowed the customers

to wait, before wiring the purchase price to him, until they could confirm, through the Postal Service, that the package was on the way to their zip code. Once these customers confirmed that the packages were on the way to the correct zip code, they then wired DEPPE the purchase price. It was not possible, however, for the customers to tell, from the website, to what address within their zip code DEPPE had sent the packages.

5.  While DEPPE did generally send a package to each customer's zip code, these packages did not contain the items he claimed to be selling. Instead, DEPPE fraudulently filled the packages with worthless newspapers or sports trading cards. And DEPPE intentionally, and fraudulently, sent these packages to incorrect addresses. He did this as a way to generate the necessary tracking number while avoiding having the worthless packages delivered to the customers, which would have immediately alerted the customers to the fraud.

6.  When the customers complained to DEPPE that they had not received the merchandise for which they had paid, he often claimed that there had been a shipping error, and he refused to refund their money.

7.  Between March, 2003, and December, 2004, DEPPE defrauded approximately 27 victims out of approximately $115,000.

8.  He took most of the fraud proceeds out of his bank accounts in cash and spent the rest on personal expenses like his cable and electrical bills.

## INDIVIDUAL VICTIMS

### J.G.

9.  On April 2, 2003, J.G., of Houston, Texas, saw a listing DEPPE had placed on eBay, stating that he had a plasma screen TV for sale. J.G. e-mailed DEPPE to inquire about the offer, and during the next week, J.G. and DEPPE corresponded by e-mail and spoke on the telephone.

10. Ultimately, J.G. agreed to buy the TV for $6,400. DEPPE e-mailed J.G. his Sovereign Bank account information, asked J.G. to wire transfer half of the purchase price to the Sovereign account, and falsely promised to ship the TV as soon as he received this wire transfer. DEPPE's e-mail stated that, after J.G. received the TV, he could have 24 hours to wire the rest of the purchase price to the Sovereign account.

11. Relying on DEPPE's fraudulent representations, J.G., on April 10, 2003, wired $3,200 from his bank account, at the San Antonio Credit Union, in Texas, to DEPPE's account at Sovereign Bank, in Massachusetts.

12. DEPPE, however, did not send J.G. the TV as he had promised to do. Instead, DEPPE insisted the J.G. send him the second half of the purchase price before he would ship the TV. When J.G. declined to do this and demanded that DEPPE return the $3,200, DEPPE refused.

<u>J.D.</u>

13. In October, 2003, DEPPE contacted J.D., of Ontario, Canada and offered to sell J.D. a Rolex watch.

14. They ultimately reached an agreement, which DEPPE memorialized in a signed, notarized October 29, 2003 contract:

> I Michael R. Deppe, of 20 Shirley Court, Shrewsbury, MA 01545 promise delivery of an authentic original 2003 model year Daytona stainless steel Rolex timepiece with white face to [J.D.] of . . . Ontario, Canada upon receipt of a payment of $6,600 . . . in my Commerce Bank account . . . . Mr. [J.D.] is to wire payment to Mr. Deppe before 10/30/03. Upon receipt of funds, Mr. Deppe is to ship the stainless steel Rolex Daytona to Mr. [J.D.] within 24 hours.

15. On October 30, 2003, J.D. wire transferred $6,600 from his Ontario, Canada bank account to DEPPE's Commerce Bank account, in Massachusetts. DEPPE then falsely told J.D. that he had sent the watch to him and gave J.D. a U.S. Postal Service tracking

number.

16. When the watch did not arrive as promised, J.D., with help from the U.S. Postal Service, determined that DEPPE had sent the package with that tracking number to a different address in Ontario. When J.D. asked why he had done this, DEPPE was unable to provide an explanation.

17. In an effort to further defraud J.D., however, DEPPE promised to send the Rolex if J.D. would wire another $4,600 to his account. DEPPE also promised to give J.D. $5,000 in post-dated checks, which J.D. could deposit over the following five months, so that J.D. would ultimately pay $400 less for the Rolex than the initial, agreed-upon purchase price. DEPPE also promised to deliver the watch to J.D. in person on November 25, 2003, in New York. J.D. agreed, and DEPPE documented this new arrangement in another signed, notarized contract.

18. In reliance on DEPPE's false promises, J.D. wired $4,600 to DEPPE's bank account on November 24, 2003. DEPPE, however, failed to show up for the meeting with J.D. in New York and never gave him the watch or his money back.

R.M.

19. On February 1, 2004, DEPPE e-mailed R.M., of Anaheim, California, asking if R.M. was interested in buying a Rolex watch. R.M. had, in the past, bought and sold watches via eBay.

20. After a series of e-mails and telephone conversations, R.M. agreed to buy two watches from DEPPE for $9,800. R.M. also agreed to wire transfer the money to DEPPE's bank account if DEPPE would send him the watches by overnight mail and give R.M. the tracking number.

21. DEPPE agreed and gave R.M. a U.S. Postal Service Priority Mail tracking

number. When R.M. checked with the Postal Service web site, he learned that the package with that tracking number was headed to the correct California zip code. It was not possible, however, for R.M. to tell, from the website, to what address within the zip code DEPPE had sent the package.

22.     Believing that DEPPE had sent the watches to him, R.M., on February 13, 2004, wire transferred $9,800 from his bank in Long Beach, California, to the bank account in DEPPE's name at Commerce Bank, in Shrewsbury, Massachusetts.

23.     The package DEPPE sent was never delivered to R.M., however, because DEPPE had sent it to a different address than the one R.M. had given him. The person who received the package ultimately gave it to R.M., who opened it, only to find that it contained worthless miscellaneous sports cards.

24.     Meanwhile, on February 17, 2004, DEPPE withdrew from his bank account $9,500 of the wired funds in cash.

25.     When R.M. called DEPPE to demand the watches he had paid for or his money back, DEPPE promised to send the watches or refund R.M.'s money. But in spite of repeated requests by R.M., DEPPE did neither.

<u>J.C.</u>

26.     In April, 2004, DEPPE e-mailed J.C., of Crest Hill, Illinois and suggested that J.C. call him to discuss buying a Rolex watch. DEPPE contacted J.C. because he had seen that J.C. had bid unsuccessfully on eBay for a Rolex. After speaking to DEPPE on the phone several times, J.C. decided to buy a Rolex from DEPPE.

27.     On April 28, 2004, DEPPE faxed J.C. a signed, notarized contract, stating: "I, Michael DEPPE, of Marlboro, MA, hereby guarantee delivery of a 2004 model year Rolex . . . . The watch will be shipped within 24 hours of my receipt [sic] of $3,350 in my Citizens

5

bank account . . . ."

28.     After J.C. wired the $3,350 to DEPPE's account, on April 30, 2004, DEPPE falsely told J.C. that he had sent the watch in a U.S. Postal Service Priority Mail package, with tracking number 0303 3430 0001 7556 0011, to J.C.'s address, in Crest Hill, Illinois, 60435.

29.     When the package did not arrive as promised, J.C. called the Postal Service and learned that the package with that tracking number had been sent to a different name and address in a neighboring Illinois town with the same zip code. The Postal Service had determined that the address on the package was "insufficient" and was returning it to the sender, listed as "Mike DEPPE, Marlboro, MA."

30.     Alerted to DEPPE's fraud, the Postal Service intercepted the package, which contained only worthless used music CD's and sports trading cards.

31.     Once he realized that he was the victim of a fraud, J.C. called DEPPE a final time and told DEPPE that he would be in a lot of trouble. Nonetheless, DEPPE provided J.C. with neither the Rolex nor with his $3,350 back.

<u>B.B.</u>

32.     On November 26, 2004, DEPPE e-mailed B.B., of Hilton Head, South Carolina, to ask if B.B. was interested in buying Rolex watches. DEPPE had seen B.B.'s name on eBay, because B.B. buys and sells Rolex watches as a business.

33.     B.B. agreed to buy four watches from DEPPE for $17,600, as the first piece of a 20-watch deal. DEPPE asked B.B. to wire transfer the money to DEPPE's bank account, falsely promising to send the watches as soon as he received the money.

34.     On December 14, 2004, on DEPPE's instruction, B.B. wired $17,600 from his First Federal of Charleston bank account, in South Carolina, to DEPPE's Digital Federal

Credit Union account, in Massachusetts. DEPPE did not send his package on the same day, as he had promised, but rather explained to B.B. that he had to wait until B.B.'s wire transfer cleared.

35. On December 15, once DEPPE knew he had received B.B.'s payment, DEPPE did mail a package to Hilton Head, South Carolina, with U.S. Postal Service tracking # 0304 1560 0005 8398 3483. He gave B.B. this number, falsely telling B.B. that the package contained his Rolex watches and was on its way to his address. In fact, DEPPE had sent the package to a different person and street address, within the same zip code.

36. When the package did not arrive as promised, B.B. called DEPPE, who said that there had been a shipping error by his assistant, Jessica, who, he failed to tell B.B., is also his wife. When the U.S. Postal Service found the Hilton Head, South Carolina resident to whom the package was addressed, that person had no idea why this package, containing only old newspapers, had been sent to him.

37. When B.B. demanded that DEPPE provide him with the watches or his money back, DEPPE refused. When B.B. told DEPPE that his fraud scheme was the subject of a federal investigation, DEPPE replied that he was not afraid of the "Feds" because he was not going to be around when they showed up.

## COUNTS ONE - EIGHT
(Wire Fraud)
18 U.S.C. § 1343

38. The Grand Jury realleges and incorporates by reference paragraphs 1-37 of this Indictment, and further charges that:

On or about the date set forth below, in the District of Massachusetts and elsewhere, the defendant,

### MICHAEL R. DEPPE

having devised and executed a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted, in interstate commerce, wire communications, including writings, signals and sounds, for the purpose of executing the scheme to defraud, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | 4/9/03 | DEPPE sent e-mail with Sovereign Bank account information from Massachusetts to J.G., in Texas. |
| 2 | 4/10/03 | J.G. wire transferred $3,200 from his account at San Antonio Credit Union, in Texas, to DEPPE's Sovereign Bank account in Massachusetts. |
| 3 | 10/30/03 | J.D. wire transferred $6,600 from his Ontario, Canada bank account to DEPPE's Commerce Bank account, in Massachusetts. |
| 4 | 11/24/03 | J.D. wire transferred $4,600 from his Ontario, Canada bank account to DEPPE's Commerce Bank account, in Massachusetts. |
| 5 | 2/1/04 | DEPPE sent e-mail from Massachusetts to R.M., in California, asking if R.M. wanted to buy a Rolex watch. |
| 6 | 2/13/04 | R.M. wire transferred $9,800 from his Farmers & Merchants Bank account, in California, to DEPPE's Commerce Bank account, in Massachusetts. |

| 7 | 4/30/04 | J.C. wire transferred $3,500 from his bank account, in Joliet, Illinois, to DEPPE's Citizens Bank account, in Massachusetts. |
| 8 | 12/14/04 | B.B. wire transferred $17,600 from his account at First Federal of Charleston, in South Carolina, to DEPPE's Digital Federal Credit Union account in Massachusetts. |

All in violation of 18 U.S.C. §§ 2 and 1343.

## COUNTS NINE - TEN
### (Mail Fraud)
### 18 U.S.C. § 1341

39. The Grand Jury realleges and incorporates by reference paragraphs 1-37 of this Indictment, and further charges that:

On or about the dates set forth below, in the District of Massachusetts, and elsewhere, defendant,

### MICHAEL R. DEPPE

having devised a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, deposited, and caused to be deposited, matter and things to be delivered by the Postal Service and by private and commercial interstate carriers, for the purpose of executing such scheme, as follows:

| COUNT | DATE | MAILING/DELIVERY |
|---|---|---|
| 9 | 4/30/04 | DEPPE gave J.C. U.S. Postal Service tracking number 0303 3430 0001 7556 0011 but mailed package, with this tracking number, containing worthless music CD's and sports trading cards, from Massachusetts to an incorrect address in Illinois. |
| 10 | 12/15/04 | DEPPE gave B.B. U.S. Postal Service tracking # 0304 1560 0005 8398 3483 but mailed package, with this tracking number, containing old newspapers, from Massachusetts to incorrect address in South Carolina. |

All in violation of 18 U.S.C. §§ 2 and 1341.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C)
(28 U.S.C. § 2461(c))

40. As a result of committing one or more of the wire fraud offenses alleged in Counts 1-8 of this Indictment and as a result of committing one or more of the mail fraud offenses alleged in Counts 9-10 of this Indictment,

MICHAEL R. DEPPE

defendant herein shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real and personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341, 1343, including but not limited to:

    a.    $115,000 which Michael R. Deppe received from approximately 27 fraud victims between March, 2003 and December, 2004.

41. If, as a result of any act or omission of the defendant, the above-described forfeitable property:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred, sold to or deposited with a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS                    February 23, 2005

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk   @ 4:17 PM.

JS 45 (5/97) - (Revised USAO MA 6/29/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** _____    **Category No.** II    **Investigating Agency** POSTAL INSPECTION

**City** Shrewsbury, Hudson    **Related Case Information:**

**County** Worcester, Middlesex

Superseding Ind./ Inf. _____    Case No. _____
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number   05-1644-CBS
Search Warrant Case Number   05-1646-CBS
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   Michael R. Deppe    Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address   59 Bennett St., Hudson, MA

Birth date (Year only):  1984   SSN (last 4 #):  0376   Sex  M   Race:  Caucasian   Nationality:  U.S.

**Defense Counsel if known:**   Sean Murray    **Address:**  Murray & Murray
                                                             41 Elm St., Worcester, MA 01609
**Bar Number:** _____

**U.S. Attorney Information:**

AUSA   Adam Bookbinder    Bar Number if applicable   566590

Interpreter:   ☐ Yes  ☒ No    List language and/or dialect: _____

Matter to be SEALED:   ☐ Yes  ☒ No

☐ Warrant Requested   ☐ Regular Process   ☒ In Custody

**Location Status:**

Arrest Date:   2/4/05

☒ Already in Federal Custody as   in transport from Middle District   in   of Florida to Massachusetts .
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____  on _____

Charging Document:   ☐ Complaint   ☐ Information   ☒ Indictment

Total # of Counts:   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony  10

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:  2/23/05    **Signature of AUSA:**  _[signature]_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    Michael R. Deppe

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. 1343 | Wire Fraud | 1-8 |
| Set 2  18 U.S.C. 1341 | Mail Fraud | 9-10 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**