UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>MICHAEL R. DEPPE, )<br>)<br>Defendant. )<br>) | Case No. 05-40007-FDS |

JOINT MEMORANDUM FOR INITIAL STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)   Relief from Rule 116.3 – Discovery Motion Practice:

The parties do not request relief from the schedule set out in Local Rule 116.3.

(2)   Expert witness discovery:

The government does not anticipate offering expert witness testimony in this case. However, to the extent that testimony about the forensic analysis of the defendant's computer might constitute expert testimony under Fed. R. Evid. 702, the government will produce the report of this examination at least 60 days before trial. The defendant will provide any reciprocal discovery at least 30 days before trial.

(3)   Additional discovery:

With the defendant's assent, the government, on March 18, 2005, moved to continue the automatic discovery deadline until 14 days after the superseding indictment was returned. The Court has allowed this motion. Because the superseding indictment was returned on

March 30, 2005, the government will produce the discovery material by April 13, 2005.

    (4)    <u>Motion date</u>:

The parties agree that it is premature, at this point, to set a schedule for other motions, because the defendant does not yet know what, if any, motions he will need to file.

    (5)    <u>Excludable delay</u>:

Deppe had his initial appearance in this district on February 28, 2005. On that day, the Court entered an order excluding, under Local Rule 112.2(A)(2), the 14 days from February 28, 2005 to March 14, 2005. The parties ask the Court to exclude, under 18 U.S.C. § 3161(h)(8)(A), the time from March 15, 2004 through the date of the final status conference, on the grounds that the ends of justice served by allowing time for the government to gather and organize the discovery material and the defendant to review it outweigh the defendant's and the public's interest in a speedy trial.

    (6)    <u>Trial likelihood and length</u>:

If there is a trial, it will likely last approximately two weeks.

(7)  <u>Final/interim status conference</u>:

The parties ask the Court to schedule a final status conference during the period July 6-8, 2005.

                        Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN | STEVEN J. RAPPAPORT |
| United States Attorney | Counsel for Deppe |
| | |
| By:   /s/ Adam Bookbinder |   /s/ Steven Rappaport |
|       Adam J. Bookbinder | Rappaport & Delaney |
|       Assistant U.S. Attorney | 228 Central St. |
| | Lowell, MA 01852 |

Dated: April 7, 2005