UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 05-40007-FDS |
| ) | |
| MICHAEL R. DEPPE, ) | |
| Defendant ) | |

DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

Pursuant to Rules 47 and 14 of the Federal Rules of Criminal Procedure, the defendant avers that the Superseding Indictment misjoins two unrelated alleged fraud schemes (hereinafter referred to as "the merchandise fraud" and "the Super Bowl ticket fraud" as each alleged fraud scheme is identified in the Superseding Indictment) because they are not of the same or similar character, they are not based on the same or similar transaction and they are not connected with or constitute parts of a common scheme or plan, and, further submits that the joinder of the distinct alleged fraud schemes for trial will cause the defendant prejudice so compelling that it will prevent him from obtaining a fair trial on each.

WHEREFORE, for the reasons stated herein, in the affidavit of Michael R. Deppe and the defendant's Memorandum of Law in Support of Defendant's Motion For Relief From Prejudicial Joinder, the defendant requests that this Court order that Counts 1-8 (inclu.) and Courts 13-14 be severed from Counts 9-12 (inclu.) and Counts 15-16 and order that "the

merchandise fraud" charges and "the Super Bowl fraud" charges be tried separately.

MICHAEL R. DEPPE  
By his attorney:

s/Steven J. Rappaport  
Steven J. Rappaport  
Rappaport & Delaney  
228 Central Street  
Lowell, MA  01852  
(978) 454-8103  
BBO# 412300

dated:  December 13, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                               )<br>)<br>MICHAEL R. DEPPE,                   )<br>              Defendant              ) | Cr. No. 05-40007-FDS |

### AFFIDAVIT OF MICHAEL R. DEPPE

I, Michael R. Deppe, defendant in the above-referenced matter, hereby depose and aver as follows:

1. I have discussed the issue of severing the two sets of charges against me for purposes of trial with my attorney.

2. It is my desire to have the two sets of charges severed for purposes of trial.

3. I hereby agree to waive any double jeopardy rights I may have if the Court severs the two sets of charges for trial.

                                              _____
                                              Michael R. Deppe

Dated:    December 12th, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 05-40007-FDS |
| ) | |
| MICHAEL R. DEPPE, ) | |
| Defendant ) | |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

For purposes of joinder, offenses are related if they "are of the same or similar character or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). "The First Circuit has enunciated what it considers the most relevant factors for district courts to look to in determining whether joinder was proper under Rule 8(a): 'whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred.' United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)." United States v. Capozzi, 73 F.Supp 2d 75, 81 (D.Mass. 1999). The two alleged fraud schemes at issue here are simply too dissimilar to fit the requirements of Rule 8(a) and must be severed.

It is true that "the merchandize fraud" charges and "the Super Bowl ticket fraud" charges are laid under the same statutes, 18 U.S. C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud). (Both charged schemes allege the use of the United States mail and the internet). But that is the only factor which supports joinder. (Allegations of a persistently malfunctioning moral compass is not the same as a scheme or plan). However, as can be gleaned from the text of the Superseding Indictment, the two sets of charges are unrelated—they involve different victims, different witnesses (with the exception of Inspector Michael Blanchard of the United

States Postal Inspection Services), different locations, different modes of operation and different time frames. Joinder of the alleged schemes for trial will prejudicially deprive the defendant of a fair trial. The defendant concedes that the Government's evidence concerning "the merchandise fraud" is very strong. However, with regard to "the Super Bowl ticket fraud", the case will boil down to a classic duel of credibility between the defendant and his former partner, William Englehart, who had the motive, means and opportunity to commit the crime. If the cases are tried together, there will be a harmful spillover effect, i.e., based upon "the merchandise fraud" scheme the jury will perceive the defendant as a dishonest man, and, despite appropriate limiting instructions, will be unable to render a discriminating verdict on "the Super Bowl ticket fraud" charges.

                                       MICHAEL R. DEPPE
                                       By his attorney:


                                       s/Steven J. Rappaport
                                       Steven J. Rappaport
                                       Rappaport & Delaney
                                       228 Central Street
                                       Lowell, MA  01852
                                       (978) 454-8103
                                       BBO# 412300

dated: December 13, 2005