UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. ) ) MICHAEL R. DEPPE, ) Defendant ) | Cr. No. 05-40007-FDS |

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

  Pursuant to Rules 47, 41(h) and 12(b)(3)(c) of the Federal Rules of Criminal Procedure, the defendant submits that he was subjected to an illegal search conducted by federal and state law enforcement officers on April 5, 2005 at approximately 7:30 a.m. at his residence located at 59 Bennett Street, Hudson, MA in violation of the Fourth Amendment to the United States Constitution, and moves that this Court order the suppression at trial of any and all evidence of observations made by such officers as a result of the illegal search.

  As reason therefore, the defendant submits that under the guise of the limited authority to search his residence pursuant to paragraph (w) of the Order Setting Conditions of Release, dated March 3, 2005, Government agents engaged in an illegal general search of the defendant's residence without a warrant, engaged in an illegal interrogation of the defendant, and may have perused correspondence from counsel to the defendant, all in an effort to gain an unfair advantage in the prosecution of this case. A copy of the Order Setting Conditions of Release is appended hereto, and incorporated

by reference herein along with the Court's (Swartwood, M.J.) explanation of the breadth of that order (see excerpt of transcript of Detention Hearing held on March 3, 2005, appended hereto and incorporated by reference herein).

WHEREFORE, for the reasons stated herein, in the Affidavit of Michael Deppe, and the Affidavit of Counsel submitted herewith and the defendant's Memorandum of Law in Support of the Defendant's Motion to Suppress Evidence, the defendant requests that this Court order the suppression of the aforementioned evidence.

                                          MICHAEL DEPPE
                                          By his attorney:

                                          s/Steven J. Rappaport
                                          Steven J. Rappaport
                                          Rappaport & Delaney
                                          228 Central Street
                                          Lowell, MA  01852
                                          (978) 454-8103
                                          BBO# 412300

Dated:       December 13, 2005

# United States District Court
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)   ORDER SETTING CONDITIONS
v.        )   OF RELEASE
)
)
Michael Deppe   Defendant )   Criminal Action No. 05-40007-FDS

IT IS ORDERED that the release of the Defendant is subject to the following conditions:

(1)  The Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)  The Defendant shall immediately advise the court, Pretrial Services, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3)  The Defendant shall report within twenty-four hours, to the Pretrial Services office any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(4)  The Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The Defendant shall next appear at (if blank, to be notified) _____.

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the Defendant be released provided that:

( )   (5)  The Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(✓)   (6)  The Defendant shall execute an unsecured bond binding the Defendant to pay the United States the sum of One Hundred Fifty Thousand dollars ($150,000.00) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not in itself reasonably assure the appearance of Defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of Defendant is subject to the conditions marked below:

( )   (7)  The Defendant is placed in the custody of:
    (Name of Person/organization) _____
(Address) _____ (City and State) _____

who agrees (a) to supervise the Defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the Defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the Defendant violates any conditions of release or disappears.

Signed: _____
Custodian/Proxy

(X)   (8)  The Defendant shall:

Range

(✓)(a) report in person and/or by telephone to <u>Pretrial Services</u> at <u>(508) 929-9940</u>, as directed. Every M, W, F by noon in person, T, Thurs by Telephone

( )(b) execute a bond or an agreement to forfeit upon failing to appear as required, or for any violation of any condition(s) of release, the following sum of money or designated property: _____

( )(c) post with the court the following indicia of ownership of the above-described property: <u>documentation as set forth in "Recommended Procedure for the Posting of Real Property as Security for Defendant's Appearance Bond in Criminal Cases"</u>

( )(d) execute a bail bond with solvent sureties in the amount of $_____

(✓)(e) actively seek employment and submit to Pretrial Services all attempts to secure employment as directed; or, maintain employment and submit ongoing verification to Pretrial Services as directed.

( )(f) maintain or commence an education program.
( )(g) surrender passport to Pretrial Services.
(✓)(h) obtain no passport.
( )(i) abide by the following restrictions on personal association or travel: Travel Restricted to Worcester + Middlesex County

(✓)(j) maintain residence at 59 Bennett St, Hudson

(✓)(k) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: William Englehardt, Anyone identified

( )(l) undergo medical or psychiatric treatment and/or remain in an institution as follows: in indictment, or any alleged victim of Alleged Fraudulent Behavior

( )(m) return to custody each (week)day as of ____ o'clock after being released each (week)day as of _____

( )(n) maintain residence at a halfway house or community corrections center.

(✓)(o) refrain from possessing a firearm, destructive device, or other dangerous weapons.
(✓)(p) refrain from ( ) any (✓) excessive use of alcohol.
(✓)(q) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( )(r) submit to any method of testing required by the Pretrial Services Officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( )(s) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Services Officer.

( )(t) refrain from obstructing or attempting to obstruct/tamper in any fashion, with the efficiency and accuracy of any testing or electronic monitoring which is required as a condition of release.

( )(u) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include the following location verification system: ( ) electronic monitoring bracelet; ( ) Voice Identification system:

( )(i) **Curfew.** You are restricted to your residence every day (X) from ____ to ____, or ( ) as directed by the Pretrial Services Officer; or,

( )(ii) **Home Detention.** You are restricted to your residence at all time except as pre-approved by the court; or,

( )(iii) **Home Incarceration.** You are restricted to your residence at all times except as pre-approved by the court.

( )(v) make payments toward a fund which can ultimately be used to compensate appointed counsel, as required in the companion order issued in this matter pursuant to 18 U.S.C. § 3006A.

(X)(w) no access to any computer, no computers in residence. Sign authorization for home to be randomly searched by any law enforcement agency. Wife to sign authorization as well.

**Advise of Penalties and Sanctions** legitimate

(✓)(x) no sales job except for a ~~bona fide~~ employer, and in that case, only in-person sales. Any sales position to be first approved by Pretrial Service

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

     A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.
     The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.
     Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate of attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.
     If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service and additional punishment may be imposed. If you are convicted of:
     (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
     (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
     (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
     (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both;
     A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

     I acknowledge that I am the Defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set for above.

Signature of Defendant X _[signature]_
Address(including city/state) X 59 Bennett St. Hudson, MA 01749
Telephone Number X 978-562-6335

### Directions to United States Marshal

( )  The Defendant is ORDERED released after processing.
( )  The United States marshal is ORDERED to keep the Defendant in custody until notified by the clerk or judicial officer that the Defendant has posted bond and/or complied with all other conditions for release. The Defendant shall be produced before the appropriate judicial at the time and place specified, if still in custody.

Date: 3/3/2005

HONORABLE CHARLES B. SWARTWOOD, III
U.S. MAGISTRATE JUDGE
By: _[signature]_ Roland
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-40007-FDS

**UNITED STATES OF AMERICA**

v.

**MICHAEL DEPPE**

. . . . . . . . . . . . . . .

TRANSCRIPT OF DETENTION HEARING
BEFORE THE HONORABLE CHARLES B. SWARTWOOD, III
UNITED STATES MAGISTRATE JUDGE
HELD ON MARCH 3, 2005

APPEARANCES:

For the government: Adam Bookbinder, Esquire, U.S. Attorney's Office, One Courthouse Way, Ste. 9200, Boston, MA 02210.

For the defendant: Stephen J. Rappaport, Esquire, Rappaport & Delaney, 228 Central Street, Lowell, MA 01822, (978) 454-8103.

Court Reporter:

Proceedings recorded by digital sound recording, transcript produced by transcription service.

---

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

Argument 66

1  to in this court. In other words, we're talking about the,
2  that includes the Super Bowl tickets, the Rolex watch stuff.
3  (Pause)
4         THE COURT: Okay, now, you are not to have no access
5  to a computer, and even though your wife is a student, you are
6  to have no computers in your residence, and you and your wife
7  are to sign an authorization for your residence to be searched,
8  randomly searched for the presence of computers and that may be
9  by any law enforcement agency.
10 (Pause)
11         THE COURT: All right. Now, you're not to obviously
12 commit any federal, state or local offense while on release in
13 this court. And any attempt to contact anyone who has given
14 information to the government which are a significant group of
15 people to get them to try to persuade them to change their
16 testimony, if you are to do that, that's a federal offense of
17 obstruction of justice, and any attempt to do that you could be
18 charged with that. If charged with that and found guilty of
19 that and found guilty of the offenses charged in this
20 indictment the penalties for both would be enhanced, would be
21 greater.
22         All right, other than the fact, Mr. Bookbinder, that
23 you don't agree with what I'm doing do you have any suggestions
24 with respect to any further conditions?
25         MR. BOOKBINDER: I do, your Honor, one, which is I'd

*Maryann V. Young*
**Certified Court Transcriber**

CERTIFICATION

I, Maryann V. Young, court approved transcriber, certify that the foregoing is a correct transcript from the official digital sound recording of the proceedings in the above-entitled matter.

_____          August 3, 2005
Maryann V. Young