UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL R. DEPPE, )<br>                    Defendant        ) | Cr. No. 05-40007-FDS |

## AFFIDAVIT OF MICHAEL R. DEPPE

I, Michael R. Deppe, defendant in the above-referenced matter, hereby depose and aver as follows:

1.    On March 3, 2005, I was released from custody on a $150,000.00 unsecured bond with restrictive conditions pending trial of this matter.

2.    One such condition of my release called for me to have no access to or use of any computer and for me to have no computers in my residence. As stated to me open court by Magistrate Judge Swartwood at the time of my release:

> Okay, now, you are have no access to a computer, and even though your wife is a student, you are to have no computers in your residence, and you and your wife are to sign an authorization for your residence to be searched, randomly searched *for the presence of computers* and that may be done by any law enforcement agency. (emphasis added)

3.    On April 5, 2005, at approximately 7:30 a.m., Inspector Michael Blanchard of the United States Postal Inspection Service appeared at my residence along with Lt. Michael Burks of the Hudson Police Department and another individual in plainclothes.  Inspector Blanchard informed me that

they were thereto conduct a search pursuant to the Order Setting Conditions of Release. The officers did not possess a search warrant. Pursuant to my obligation under the Order Setting Conditions of Release I invited them into my house.

4.    I have had the opportunity to review the Affidavit of Counsel (Steven J. Rappaport) submitted to the Court on April 11, 2005 with my Motion for Clarification of Order Setting Conditions of Release. Paragraphs 4 and 5 of that affidavit accurately reflect my memory of what transpired after I granted the officer's entry to my residence.

5.    At no time did I, nor anyone else with authority to do so, grant permission to the officers to extend the scope of their search beyond that which was necessary to determine whether there were computers in my house. At no time did I authorize any officer to read any documentary material which was purposely placed out of view within the desk drawer.

Michael R. Deppe

Dated:    December 12th, 2005