UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | Cr. No. 05-40007-FDS |
| ) | |
| MICHAEL R. DEPPE,   ) | |
| Defendant   ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

For purposes of joinder, offenses are related if they "are of the same or similar character or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). "The First Circuit has enunciated what it considers the most relevant factors for district courts to look to in determining whether joinder was proper under Rule 8(a): 'whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred.' United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)." United States v. Capozzi, 73 F.Supp 2d 75, 81 (D.Mass. 1999). The two alleged fraud schemes at issue here are simply too dissimilar to fit the requirements of Rule 8(a) and must be severed.

It is true that "the merchandize fraud" charges and "the Super Bowl ticket fraud" charges are laid under the same statutes, 18 U.S. C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud). (Both charged schemes allege the use of the United States mail and the internet). But that is the only factor which supports joinder. (Allegations of a persistently malfunctioning moral compass is not the same as a scheme or plan). However, as can be gleaned from the text of the Superseding Indictment, the two sets of charges are unrelated—they involve different victims, different witnesses (with the exception of Inspector Michael Blanchard of the United

States Postal Inspection Services), different locations, different modes of operation and different time frames.  Joinder of the alleged schemes for trial will prejudicially deprive the defendant of a fair trial.  The defendant concedes that the Government's evidence concerning "the merchandise fraud" is very strong.  However, with regard to "the Super Bowl ticket fraud", the case will boil down to a classic duel of credibility between the defendant and his former partner, William Englehart, who had the motive, means and opportunity to commit the crime.  If the cases are tried together, there will be a harmful spillover effect, i.e., based upon "the merchandise fraud" scheme the jury will perceive the defendant as a dishonest man, and, despite appropriate limiting instructions, will be unable to render a discriminating verdict on "the Super Bowl ticket fraud" charges.

         MICHAEL R. DEPPE
         By his attorney:


         <u>s/Steven J. Rappaport</u>
         Steven J. Rappaport
         Rappaport & Delaney
         228 Central Street
         Lowell, MA  01852
         (978) 454-8103
         BBO# 412300

dated: December 13, 2005