UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 05 CR 40007-FDS |
| | ) | |
| MICHAEL R. DEPPE, | ) | |
|               Defendant | ) | |
| | ) | |

<u>DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION</u>

Defendant, Michael R. Deppe, by his attorney, moves pursuant to 18 U.S.C. § 3145(b) that this Court revoke the order of revocation of defendant's release on conditions and order of detention dated December 5, 2005.

On February 7, 2005, the defendant was arrested within the Middle District of Florida in connection with a Criminal Complaint filed in this Court on February 4, 2005, charging him with wire fraud in violation of 18 U.S.C. § 1343.

At his initial appearance in the Middle District of Florida, the defendant waived his right to an identity hearing, his rights to a preliminary examination in the arresting District and reserved his right for a probable cause and detention hearing in the charging District of Massachusetts.

On February 23, 2005, an Indictment was returned charging the defendant with mail and wire fraud. On March 3, 2005, a detention hearing was held and following that hearing Magistrate Judge Swartwood released the defendant on extensive conditions. See Order Setting Conditions, dated 3/3/2005, incorporated by reference herein.

On November 28, 2005, Vangie Cuascut, the Pretrial Services Officer assigned to

1

supervise the defendant filed a Petition requesting revocation of defendant's release on the grounds that he had lied to her concerning his employment, had failed to obtain employment as required, was involved in a fraudulent criminal scheme while on release and committed a criminal offense (gambling) while on release.

After hearings on the Petition, Magistrate Judge Swartwood made findings of fact that the defendant committed a crime while on release (gambling), that he lied to his pretrial services officer about his employment, failed to obtain employment as required, used a computer in violation of his conditions of release and was involved in a fraudulent scheme involving the sale of Corvette Z06s. Magistrate Judge Swartwood found that if the defendant were released, he would be unlikely to abide by any conditions which could be imposed for his release and revoked the defendant's conditions of release and ordered him detained.

Mr. Deppe submits that the order of detention should be revoked at this time with release pursuant to the original order setting conditions of release, except for the following conditions. The defendant submits that he be ordered to submit to home detention at his wife's home at 19 Old Stow Road, Hudson, MA and electronic monitoring. The only exceptions to the home detention would be to visit his attorney's office and to accompany his wife to scheduled medical and birthing appointments (The Deppes' first child is due to be born on April 18, 2006). In addition, the defendant should no longer be required to actively seek employment. (The defendant will be pleading guilty to Counts 1-8 and 13-14 of the Superseding Indictment on March 6, 2006 and will be proceeding to trial on the remaining Counts of the Superseding Indictment on April 24, 2006). The defendant's wife has agreed that should the defendant be released to home detention, she will remove all computers from her home.

The defendant submits that the impending birth of his first child, his desire to assist his wife in preparation for that birth and his fervent desire to assist in the birth of his child are important factors which Magistrate Judge Swartwood failed to consider in examining pursuant to Section 3142 whether there are any conditions or combinations of conditions that will assure the safety of the community and the defendant's appearance in the Court for trial.

Furthermore, the defendant submits, through undersigned counsel, that the defendant's present pretrial detention impedes his ability to consult with his counsel, to locate witnesses, and, further that empirical studies "strongly suggest that pretrial incarceration makes both conviction and a severe sentence more likely." See Alschular, Preventative Pretrial Detention and the Failure of Interest-Balancing Approaches to Due Process, 85 Mich. L. Rev. 510, 517 (1986).

There are specific, strict and reasonable conditions of pre-trial release which will assure that Mr. Deppe will not endanger the safety of the community. Accordingly, this Court should revoke the order of detention and establish and order new conditions of Mr. Deppe's pre-trial release.

          Respectfully submitted,

          MICHAEL R. DEPPE
          By his attorney:


          s/Steven J. Rappaport
          Steven J. Rappaport
          Rappaport & Delaney
          228 Central Street
          Lowell, MA  01852
          Tel:  978-454-8103
          BBO#412300

dated:  March 3, 2006