UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL R. DEPPE, )<br>            Defendant         ) | Cr. No. 05-40007-FDS |

DEFENDANT'S PROPOSED QUESTIONS TO PROSPECTIVE JURORS

Pursuant to Rule 24(a) of the Rules of Crim. P., the defendant requests that the prospective jurors be asked the following questions:

1.  The defendant, Michael Deppe, before you is about to be tried because the government has charged him with committing the crime of fraud. You may hear evidence that the defendant previously committed acts of fraud. (A) Would such evidence make you think it more likely that Mr. Deppe is guilty of the instant fraud charge than had he not committed fraud in the past? (B) Even if you find that the defendant may have committed fraudulent acts in the past, the prior fraudulent acts are not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case. For you to draw such an inference would be wrong, indeed it could be a violation of your oath as a juror. Do you accept this principle of law that you may not use evidence of prior fraudulent acts to infer that because of the defendant's character, he carried out the acts charged in this case.

2.  Each defendant has a constitutional right not to testify in this case and no inference of guilt, or anything else, may be drawn from the fact

that a defendant doesn't testify. For you to draw such an inference would be wrong, indeed, it could be a violation of your oath as juror. Do you accept this basic principle regarding the defendant's right not to testify or do you that you may draw an inference adverse to a defendant who exercises his or her right not to testify?

3. Do you have any reservations about accepting the principles of the trial of a criminal case – that (1) the Government has the burden of proving the guilt of a given defendant and that proof must be a point beyond a reasonable doubt, (2) each defendant is presumed innocent when the trial commences, and (3) you must decide this case solely on the evidence presented in this courtroom.

In order to answer the following questions I will briefly cite the charges against the defendants:

4. Have you learned or heard anything about this case or either of the defendants from the news media, or any other source?

5. [If yes]: Having that in mind, can you still render a fair and impartial verdict in this case based solely on the evidence and the law?

6. Do you regularly read the Metro West Daily News or the Boston Herald?

7. Have you or any member of your family been a victim of, or accused of, a crime related to computer fraud?

8. Are you or any members of your family employed by a law enforcement agency?

9. If a law enforcement officer or agent testified in this case, would his or her testimony carry greater or lesser weight than any other witness?

10. Have you formed or expressed an opinion about this case or this defendant?

11. Are you conscious of any bias or prejudice, either for or against the defendant, or the prosecutor?

12. Do you know of any reason why you do not stand indifferent or should not sit as a juror on this case?

    Respectfully submitted,

    MICHAEL DEPPE
    By his attorney:

    s/Steven J. Rappaport
    Steven J. Rappaport
    Rappaport & Delaney
    228 Central Street
    Lowell, MA  01852
    (978) 454-8103
    BBO# 412300

dated: March 31, 2006