UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 05-40007-FDS |
| MICHAEL R. DEPPE, | ) ) ) | |
| Defendant. | ) ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases. The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Adam Bookbinder
Adam J. Bookbinder
Seth P. Berman
Assistant U.S. Attorneys

Dated: March 31, 2006

CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to counsel as identified on the Notice of Electronic Filing.

/s/ Adam Bookbinder
Dated: March 31, 2006         Adam J. Bookbinder

## INDEX

| **Proposed Instruction** | **Page** |
|---|---|
| 1. Stipulations of Fact | 3 |
| 2. Elements of Mail Fraud | 4 |
| 3. Elements of Wire Fraud | 5 |
| 4. Definition of Scheme to Defraud | 6 |
| 5. False or Fraudulent Pretenses | 7 |
| 6. Materiality | 8 |
| 7. Intent | 9 |
| 8. Method of Proving Intent | 10 |
| 9. Use of Interstate Wire Communications | 11 |
| 10. Use of Mail or Interstate Commercial Carrier | 12 |
| 11. Character of the Victim | 13 |
| 12. Evidence of Prior Similar Acts | 14 |

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

<u>Stipulations of Fact</u>

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means that the government and defendant accept the truth of a particular proposition of fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept these stipulations as facts to be given whatever weight you choose.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §2.01 (Stipulations) (1998).[1]

---

[1] In each proposed instruction, references to authorities indicate a source or sources for the instruction. Some proposed instructions have been adapted, however, for the circumstances of this case.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

<u>Elements of Mail Fraud</u>

For you to find defendant guilty of mail fraud, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises;

<u>Second</u>, the scheme involved a false statement, representation or concealment about material facts;

<u>Third</u>, the defendant's knowing and willful participation in this scheme with the specific intent to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises; and

<u>Fourth</u>, the use of the mail or a commercial interstate carrier on or about the date charged, in furtherance of the scheme.

18 U.S.C. §1341; Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §4.12 (Mail Fraud) (1998); <u>Neder v. United States</u> 527 U.S. 1, 25 (1999).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

Elements of Wire Fraud

The wire and mail fraud statutes have nearly the same elements. Specifically, for you to find the defendant guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises;

Second, the scheme involved a false statement, representation or concealment about material facts;

Third, the defendant's knowing and willful participation in this scheme with the specific intent to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises; and

Fourth, the use of a interstate wire communications, on or about the date alleged, in furtherance of the scheme.

18 U.S.C. §1343; Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §4.13 (Wire Fraud) (1998); Neder v. United States 527 U.S. 1, 25 (1999).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

<u>Definition of Scheme to Defraud</u>

A scheme under the mail fraud and wire fraud statutes includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. It is also not necessary that the government prove that the scheme succeeded in defrauding anyone. What must be proven beyond a reasonable doubt, however, is that defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one in the indictment.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §§4.12, 4.13 (Mail/wire Fraud) (1998).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS NO. 5

<u>False or Fraudulent Pretenses, Representations, or Promises</u>

The term "false or fraudulent pretenses, representations or promises," under the mail fraud and wire fraud statutes, means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §§4.12, 4.13 (Mail/wire Fraud).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

<u>Materiality</u>

Under the mail fraud and wire fraud statutes, a "material" fact or matter is one that has a natural tendency to influence or be capable or influencing the decision maker to whom it was addressed.

To be material, it is not necessary that the statement, representation, promise or concealment, in fact influence or deceive. The government is not required to prove that anyone actually relied upon any particular false statement, representation, or promise, or concealment, so long as it proves beyond a reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important. If a decision was actually influenced or altered, it is probative of materiality.

Committee on Pattern Criminal Jury Instruction, <u>Pattern Jury Instructions: First Circuit Criminal Cases</u> §§4.12, 4.13 (Mail/wire Fraud); 2 L. Sand et al, <u>Modern Federal Jury Instructions</u> Instr. No. 44-4 (2005); <u>United States v. Kenrick</u>, 221 F.3d 19, 32 (1st Cir. 2000) (bank fraud context).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

<u>Intent</u>

Defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. Thus, if the defendant acted in good faith, he cannot be guilty of the crime.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §§4.12, 4.13 (Mail/wire Fraud).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

Method of Proving Intent

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §§4.12, 4.13 (Mail/wire Fraud).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

<u>Use of Interstate Wire Communications</u>

Under the wire fraud statute, the term "interstate wire communications" includes telephone calls and wire transfers of funds from one state to another. Phone calls designed to lull a victim into a false sense of security, postpone injuries or complaints, or make the transaction less suspect are phone calls in furtherance of a scheme to defraud.

It is not necessary that the material transmitted by wire was itself false or fraudulent or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proven beyond a reasonable doubt is that the use of interstate wire communications on or about the date alleged was closely related to the scheme because the defendant either made or caused an interstate telephone call or fund transfer to be made in an attempt to carry out the scheme. To "cause" an interstate telephone call or fund transfer to be made is to do an act with knowledge that an interstate telephone call or fund transfer will follow in the ordinary course of business or where an interstate telephone call or fund transfer can reasonably be foreseen.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §4.13 (Wire Fraud).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

Use of Mail or Interstate Commercial Carrier

Under the mail fraud statute, the term "mail" refers to the U.S. Postal Service, while "commercial carriers" include carriers like FedEx and UPS. As with interstate wire communications, it is not necessary that the material transmitted by the mail or commercial carrier was itself false or fraudulent or that the use of mail or commercial carriers in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the use of mail or commercial carriers on or about the date alleged was closely related to the scheme because the defendant either made or caused a mailing or interstate commercial delivery to be made in an attempt to carry out the scheme. To "cause" a mailing or interstate commercial delivery to be made is to do an act with knowledge that a mailing or interstate commercial delivery will follow in the ordinary course of business or where a mailing or interstate commercial delivery can reasonably be foreseen.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §4.12 (Mail Fraud).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

Character of the Victim

If the defendant intended to devise a scheme to defraud, it makes no difference whether the persons or entities the defendant intended to defraud were sophisticated or gullible. The mail and wire fraud statutes protect the worldly-wise and the naive alike.

United States v. Brien, 617 F.2d 299, 311 (1st Cir. 1980).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12[2]

<u>Evidence of Defendant's Prior Similar Acts</u>

You have heard evidence that the defendant previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

(2) Whether the defendant had the opportunity to commit the crime charged in the indictment;

(3) Whether the defendant acted according to a plan or in preparation for commission of a crime; or

(4) Whether the defendant committed the acts he is on trial for by accident or mistake.

Remember, these are the only purposes for which you may consider evidence of the defendants prior similar acts.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §2.05.

---

[2] If the Court admits, under Fed. R. Evid. 404(b), evidence of the "merchandise fraud" portion of the scheme charged in the indictment, the government asks that the Court give this instruction.