UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  05-40007-FDS |
| v. | ) | |
| | ) | |
| MICHAEL R. DEPPE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S MOTION IN LIMINE
REQUESTING ADMISSION OF MERCHANDISE FRAUD EVIDENCE

The government asks the Court to admit at trial evidence regarding the "merchandise fraud" portion of Michael Deppe's fraud scheme, including Deppe's guilty plea to the mail and wire fraud counts stemming from this portion of the scheme.

While the government is prepared to offer testimony and exhibits from all of the merchandise fraud victims listed in the indictment, the prosecutors are negotiating with defense counsel, in an effort to streamline the trial and cut back significantly the amount of this evidence actually offered, stipulations about this portion of the scheme and Deppe's guilty pleas.  If the parties can agree on stipulations, they will file them with the Court.

THE CHRONOLOGY OF THE SCHEMES

The single fraud scheme charged in the superseding indictment involved Michael Deppe using the internet and Ebay to offer items for sale, receiving payment for those items, and then failing to provide either the items or a refund to the victims.

In the "merchandise fraud" portion of this scheme, which ran from March, 2003, though December, 2004, Deppe arranged over the internet to sell electronic equipment and Rolex watches to individual customers. He then falsely told the customers that he had shipped them the items and ask them to pay him by wire-transferring money to his bank account. When the customers later complained to Deppe that they had not received the merchandise for which they had paid, he gave them a series of false excuses, often claiming that there had been a shipping error, and he refused to refund their money. In this portion of the scheme, Deppe defrauded 27 victims out of approximately $115,000.

In the Fall of 2004, while he was still conducting the "merchandise fraud" portion of his scheme, Deppe began a business relationship with William Englehart, with whom he set up an internet sports memorabilia business. By this time, Deppe had been charged with larceny by the Worcester County DA's Office for the merchandise fraud, was under a court order (as part of his state pretrial release conditions) not to do business over the internet, and had been suspended from Ebay several times, so he used Englehart's Ebay identity for the memorabilia business' sales.

Approximately two weeks before the February 6, 2005 Superbowl, Deppe suggested to Englehart that they use their memorabilia business to sell Superbowl tickets over Ebay. The remainder of the scheme is described in some detail in the government's trial brief and will not be repeated here.

2

ARGUMENT

The evidence of the merchandise fraud portion of the scheme is admissible both generally and as evidence of prior bad acts, under Fed. R. Evid. 404(b).

A.    Merchandise fraud admissible generally

The superseding indictment in this case charges Deppe with 16 counts of mail and wire fraud based on one fraud scheme with two parts. As we discussed in detail in the government's opposition to the defendant's motion for relief from prejudicial joinder, these two portions of the scheme were properly joined in the indictment because they are of the same or similar character and are part of a common scheme or plan. Fed. R. Crim. P. 8(a).[1] The government should, therefore, be able to introduce at trial evidence relating to the entire charged fraud scheme.

Furthermore, the evidence of the merchandise fraud, the state criminal charges stemming from it, and the state pretrial release order, are all essential to an understanding of why Deppe conducted the Superbowl portion of the scheme the way he did. For the merchandise part of the scheme, Deppe conducted all of the fraudulent transactions entirely by himself, and this led Ebay to suspend his various accounts and led to the criminal charges against him and to the pretrial release order barring him from using the internet for business. These consequences from his personal involvement in the merchandise fraud, as well as the

_____

[1] The First Circuit has stated that the factors it considers in determining whether counts are properly joined include, "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996).

3

pretrial release conditions, explain why he involved a partner in the Superbowl ticket portion of the fraud and kept some distance from the financial transactions with the customers.

The merchandise fraud evidence also demonstrates Deppe's experience and expertise with internet and Ebay transactions. This evidence thus explains one of the reasons that Englehart agreed to work with Deppe. It also demonstrates how, and why, Deppe's fraud scheme became more sophisticated by the time he sold the Superbowl tickets.

Finally, the time frames of the two portions of the scheme demonstrate that they are interconnected. The merchandise fraud was a series of small frauds against individual victims running from March, 2003, through December, 2004. The evidence about the Superbowl fraud begins in the Fall of 2004, before the merchandise fraud ended, because this is when Deppe and Englehart created the company through which they offered the Superbowl tickets. The ticket fraud itself took place in January, 2005, just after the last of the merchandise scams. The timing, therefore, demonstrates that the Superbowl fraud was just the last, and largest, stage of Deppe's ongoing scheme to defraud victims over the internet by accepting money for items that he had no intention of providing. The merchandise fraud evidence is therefore "part and parcel" of the entire charged scheme and is thus admissible. United States v. McGauley, 279 F.3d 62, 72 (1st Cir. 2002) (because uncharged checks were "part and parcel" of charged scheme, Rule 404(b) does not apply).

B.    Merchandise Fraud Evidence Also Admissible Under Rule 404(b)

The merchandise fraud evidence is also admissible under Rule 404(b) because it is

evidence of Deppe's opportunity, intent, preparation, plan, knowledge  and the absence of mistake or accident during the course of the Superbowl ticket fraud.

The merchandise fraud is evidence of Deppe's opportunity to conduct the Superbowl fraud because it demonstrates his expertise in using the internet and Ebay to commit fraud. His history of offering items for sale, receiving payment, and then failing to provide the items falls into several of the Rule 404(b) categories.  It demonstrates his intent to defraud the Superbowl victims, his knowledge that he would not be able to provide them with the tickets for which they paid, and the absence of mistake or accident when he ultimately did not provide the tickets.  See United States v. Guyon, 27 F.3d 723, 729 (1st Cir. 1994) (uncharged loan evidence admissible under Rule 404(B) in bank fraud case to show intent and modus operandi).

Finally, the many similarities between the two portions of Deppe's fraud scheme demonstrate that the merchandise fraud is admissible as evidence of preparation or plan. Deppe recruited all victims via the internet by promising to provide items he did not have; he told the victims how to make payments; he collected the victims' money and pocketed it; he never provided any of the items he claimed to be selling; when the victims asked where the items were, he provided a series of false excuses, each time promising that the items would arrive shortly; when the victims continued to pursue him, Deppe ultimately stopped responding to phone calls or e-mail; and none of the victims received the items they had paid for or a refund.

On all of these bases, the merchandise fraud evidence is admissible under Rule 404(b).  <u>See</u>, <u>e.g.</u>, <u>United States v. Rodriguez-Estrada</u>, 877 F.2d 153, 156 (1st Cir. 1989) (evidence of checks similar to those charged in embezzlement indictment admissible to show intent, plan, and absence of mistake).

CONCLUSION

For the above reasons, the Court should admit the evidence relating to the merchandise fraud portion of the scheme.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Adam Bookbinder
Adam J. Bookbinder
Seth P. Berman
Assistant U.S. Attorneys

Dated: March 31, 2006

CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to counsel as identified on the Notice of Electronic Filing.

/s/ Adam Bookbinder
Adam J. Bookbinder

Dated: March 31, 2006