5/2/06

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA            )
                                    )
            v.                      )        Criminal No.
                                    )        05-40007-FDS
MICHAEL R. DEPPE,                   )
                                    )
            Defendant.              )
                                    )

## JURY INSTRUCTIONS

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices, or sympathies. That means that you must decide the case solely on the evidence before you and according to the law.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

Every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to prove that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. The defendant does not have to prove that he is innocent.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. You may not convict the defendant if the government fails, or is unable, to establish beyond a reasonable doubt any essential element of the crime charged against him.

You may not convict the defendant based on speculation or conjecture.

You may not convict the defendant if you decide that it is equally likely that he is guilty or not guilty. If you decide that the evidence would reasonably permit either of two conclusions—either that he is guilty as charged, or that he is not guilty—you must find the defendant not guilty.

You may not convict the defendant if you decide that it is only probable that he is guilty. A mere probability of guilt is not guilt beyond a reasonable doubt.

The law does not require that the government prove guilt beyond all possible doubt; proof

3

beyond a reasonable doubt is sufficient to convict. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Again, the defendant is presumed to be innocent, and the government bears the burden of proving him guilty beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, you should vote to convict him.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify. No inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## WHAT IS EVIDENCE; STIPULATIONS

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in the light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inference you draw must be reasonable. It may not be based on speculation or conjecture.

Let me give you a simple example to illustrate the difference between a reasonable inference and an unreasonable inference. If I go out to my mailbox in the afternoon, and I see that it is filled with mail, it would be reasonable for me to infer that the mailman came earlier that day and delivered the mail. It would not, however, be reasonable for me to infer from that fact that the mailman had brown hair.

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any evidence.

8

## WHAT IS NOT EVIDENCE

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. Let me give you an example: If a lawyer asked a witness, "Do you agree that X is true?" and the witness responded, "No," that would not be evidence that X was true. The mere fact that the lawyer asked the question is not enough.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it.

(4) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(6) The indictment is not evidence.

## THE INDICTMENT

This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The fact that the defendant has been indicted is not evidence of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment is not proof of anything.

The indictment in this case contains two sets of criminal charges: counts involving Super Bowl tickets and counts involving merchandise such as Rolex watches. You are being asked to render a verdict only as to the counts involving Super Bowl tickets: that is, Counts Nine, Eleven, Twelve, Fifteen, and Sixteen. I will instruct you in a moment as to the purposes for which you may consider the evidence of other conduct by Mr. Deppe.

You may recall that at the beginning of the case I told you that you would be asked to render a verdict as to six counts. One of those counts is no longer part of this case, and you will therefore be asked to render a verdict as to five counts only.

10

## VERDICT BASED SOLELY ON THE EVIDENCE

Your verdict must be based solely upon the evidence. In reaching your decision as to whether the government has sustained its burden of proof, it would be improper for you to consider anything that is not evidence, or any personal feelings you may have about the defendant or about the nature of the crime with which the defendant is charged. It would also be improper for you to base your verdict on any sympathy or other emotion you may have concerning the witnesses who testified that they were victims. Again, your verdict must be based on the evidence alone.

11

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

If you find that a witness has given inconsistent testimony on an earlier occasion, you may not consider the earlier statement as evidence or proof of the truth of any fact contained in that statement.

An omission can be a type of an inconsistent statement. For example, if a witness omitted something in an earlier statement, but included it in his or her trial testimony, you might be justified in considering that to be an inconsistency. Again, not every omission or inconsistency is necessarily important, and there may be perfectly valid reasons for the earlier omission. It is for you to decide.

13

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of certain law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

It is for you to decide, after reviewing all of the evidence, whether to accept the testimony of the law enforcement officer witnesses, and what weight, if any, to give to that testimony.

## SPECIFIC INVESTIGATION TECHNIQUES

During the trial you have heard reference to the fact that the government did not utilize certain specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because you should look to all of the evidence or lack of evidence in deciding whether the defendant has been proved guilty. However, you also are instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

15

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## EVIDENCE OF OTHER ACTS BY DEFENDANT

You have heard evidence that the defendant previously committed acts of fraud involving merchandise such as Rolex watches. You may not use this evidence to infer that the defendant has a bad character or is a bad person, and for that reason committed the crimes charged in this case. You may consider this evidence only for the limited purpose of deciding the following:

(1) whether the defendant had the state of mind or intent necessary to commit the crimes charged in the indictment;

(2) whether the defendant had the opportunity to commit the crimes charged in the indictment;

(3) whether the defendant acted according to a plan or in preparation for commission of a crime; or

(4) whether the defendant committed any act by accident or mistake.

These are the only purposes for which you may consider evidence of the defendant's prior acts of fraud. He is not on trial for having a bad character, nor is he on trial for any other acts he may have done. He is on trial for certain specific charged crimes, each of which the government must prove beyond a reasonable doubt.

17

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure.  You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## ELEMENTS OF THE OFFENSES—INTRODUCTION

I am now going to give you some instructions on the nature of the crimes charged in the indictment and the elements of the offenses that the government must prove beyond a reasonable doubt.

The indictment contains five counts, which together charge the defendant, Michael Deppe, with two different crimes. First, the defendant is charged with wire fraud. He is charged with having committed this offense on three separate occasions. Count Nine of the indictment charges him with having committed this offense on or about January 25, 2005. Counts Eleven and Twelve of the indictment charge him with having committed this offense twice, all on or about January 26, 2005.

Second, the defendant is charged with mail fraud. He is charged with having committed this offense on two separate occasions. Count Fifteen charges the defendant with having committed this offense on or about January 24, 2005. Count Sixteen charges him with having committed this offense on or about January 27, 2005.

19

## WIRE FRAUD—ELEMENTS OF THE OFFENSE

Let me turn first to the crime of wire fraud, which is charged in Counts Nine, Eleven, and Twelve. For you to find Mr. Deppe guilty of wire fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises;

Second, that the scheme involved a false statement, representation, or concealment about one or more material facts;

Third, that the defendant knowingly and willfully participated in this scheme with the specific intent to defraud; and

Fourth, that the scheme involved the use of interstate wire communications, on or about the date alleged, in furtherance of this scheme.

## MAIL FRAUD—ELEMENTS OF THE OFFENSE

Mr. Deppe is also charged with two counts of mail fraud, which is charged in Counts Fifteen and Sixteen. The mail and wire fraud statutes have similar elements, with one exception. Specifically, for you to find Mr. Deppe guilty of mail fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises;

Second, that the scheme involved a false statement, representation, or concealment about one or more material facts;

Third, that the defendant knowingly and willfully participated in this scheme with the specific intent to defraud; and

Fourth, that the scheme involved the use of the mail or a private or commercial interstate carrier, on or about the date alleged, in furtherance of the scheme.

21

## COMMON DEFINITIONS—INTRODUCTION

The first three elements of wire fraud and mail fraud are the same. I will therefore address those three elements together. The fourth element, however, is different, and I will treat that separately.

For the sake of convenience, I will refer to both statutes together as the "fraud statutes."

## FIRST ELEMENT—MEANING OF "SCHEME TO DEFRAUD"

The first element of both wire fraud and mail fraud requires the government to prove that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme" under the fraud statutes includes any plan, pattern, or course of action. The term "to defraud" means to deprive another of something of value by means of deception or falsehood. The defendant must have intended to deceive another person in order to obtain money or property from that person.

## FIRST ELEMENT—MEANING OF "FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES"

Under the fraud statutes, the term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth, and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

## SECOND ELEMENT—MEANING OF "MATERIAL" FACT

The second element of both wire fraud and mail fraud requires the government to prove that the scheme involved a false statement, representation, promise, or concealment about one or more material facts.

Under the fraud statutes, a "material" fact or matter is one that has a natural tendency to influence, or to be capable of influencing, the decision-maker to whom it was addressed.

To be material, it is not necessary that the statement, representation, promise or concealment in fact influenced or deceived the person to whom it was made or directed. The government is not required to prove that anyone actually relied upon any particular false statement, representation, promise, or concealment, so long as it proves beyond a reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important.

25

## THIRD ELEMENT—INTENT

The third element of both wire fraud and mail fraud requires the government to prove that the defendant knowingly and willfully participated in this scheme with the specific intent to defraud.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act out of ignorance, mistake, or accident.

The defendant acted "willfully" if he acted voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive another person in order to obtain money or property from that person.

Thus, if the defendant acted in good faith, he cannot be guilty of the crime. The defendant does not have to prove that he acted in good faith; the burden to prove intent, as with all other elements of the crimes charged, rests with the government.

26

## THIRD ELEMENT—INDIRECT PROOF OF INTENT

Ordinarily, knowledge or intent may not be proved directly, because there is no way of directly scrutinizing the workings of the human mind. Knowledge and intent are generally proved indirectly.

In determining what the defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other fact received in evidence that may reflect his knowledge or intent. You may infer—although you are not required to—that a person intends the natural and probable consequences of his acts or omissions when those acts are done knowingly.

## CHARACTER OF VICTIM

If the defendant intended to devise a scheme to defraud, it makes no difference whether the persons the defendant intended to defraud were gullible or even foolish. The mail and wire fraud statutes protect all persons, whether they are naive or sophisticated, and whether they are trusting or suspicious.

## FOURTH ELEMENT—USE OF WIRE COMMUNICATIONS AND USE OF MAIL—GENERALLY

The fourth elements of wire fraud and mail fraud are different. As I have stated, the wire fraud statute requires proof of the use of interstate wire communications, on or about the date alleged, in furtherance of the scheme. The mail fraud statute, by contrast, requires proof of the use of the mail or an interstate private or commercial carrier, on or about the date alleged, in furtherance of the scheme. I will now define each term separately.

29

## FOURTH ELEMENT—WIRE FRAUD—USE OF INTERSTATE WIRE COMMUNICATIONS

Under the wire fraud statute, the term "interstate wire communications" includes telephone calls and wire transfers of funds from one state to another. A communication that is entirely within one state is not an "interstate" communication.

It is not necessary that the information transmitted by wire be itself false or fraudulent, or that the use of interstate wire communications facilities be intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the defendant either made, or caused an interstate wire communication to be made, in furtherance of the scheme charged. To "cause" a wire communication to be made is to do an act with knowledge that a wire communication will follow in the ordinary course of business or where a wire communication can reasonably be foreseen.

Phone calls designed to lull a victim into a false sense of security, to postpone injuries or complaints, or to make the transaction seem less suspicious may be wire communications in furtherance of a scheme to defraud.

## FOURTH ELEMENT—MAIL FRAUD—USE OF MAIL OR INTERSTATE COMMERCIAL CARRIER

Under the mail fraud statute, the term "mail" refers to the United States Postal Service. The term "interstate private or commercial carrier" refers to overnight or other delivery or package services, other than the Postal Service, that deliver items across state lines. In this case, the indictment charges the use of an interstate private or commercial carrier, not the mail.

As with interstate wire communications, it is not necessary that the material transmitted by the private or commercial carrier be itself false or fraudulent or that the use of private or commercial carriers in interstate commerce be intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the defendant either sent, or caused material to be sent, by interstate private or commercial carrier in furtherance of the scheme charged. To "cause" the sending of an item by such a carrier is to do an act with knowledge that the sending of the item will follow in the ordinary course of business, or where the sending of the item can reasonably be foreseen.

31

## "ON OR ABOUT" EXPLAINED

The indictment charges that the offenses alleged were committed "on or about" or "in or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

## CULPABILITY OF PARTIES OTHER THAN THE DEFENDANT

The defendant contends that another person was responsible for any wrongful acts that may have occurred in this case. The fact that someone else may have had the requisite intent to commit mail or wire fraud does not, by itself, constitute a defense or an excuse for Mr. Deppe. However, you may consider evidence of the intent and conduct of other parties to the extent that such evidence bears on the issue of whether Mr. Deppe himself had the requisite intent and committed the crimes charged. Remember, your task is to determine whether the government has proved beyond a reasonable doubt all the elements of mail and wire fraud as to each count charged in the indictment. If you conclude that the government has met its burden, then you should return a verdict of guilty, whether or not someone else may have also possessed an intent to defraud.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire, you will discuss the case with other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. It is important, therefore, that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

37