UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 05 CR 40007-FDS |
| | ) | |
| MICHAEL R. DEPPE, | ) | |
| Defendant | ) | |
| | ) | |

MOTION FOR JURY INSTRUCTIONS

Pursuant to Rule 30 of the Rules of Criminal Procedure the Defendant, Michael R. Deppe requests that the jury be instructed on the following subjects as requested in the appended instructions:

1. Prior Inconsistent Statements/Omitted Statements;

2. Investigative Procedures;

3. Third Party Culprit Defense;

4. Equally Inconsistent Propositions; and

5. Evidence of Other Crimes, Wrongs, or Acts/Character Evidence.

Respectfully submitted,

MICHAEL R. DEPPE
By his attorney:

s/Steven J. Rappaport
Steven J. Rappaport
Rappaport & Delaney
228 Central Street
Lowell, MA  01852
Tel:  978-454-8103
BBO#412300

1.      <u>PRIOR INCONSISTENT STATEMENTS/OMITTED STATEMENTS</u>  When you evaluate the testimony that a witness gave here in court, you may consider whether that witness made any earlier statement that differs from or contradicts in any way his or her in-court testimony.  The earlier statement is admitted into evidence solely for your consideration in evaluating the witness' credibility or believability.  If you determine that an earlier statement is different from the way the witness testified in court, you may decide that the witness' credibility or believability is affected adversely, or you may decide that it is not affected adversely, but that is the only purpose for which you may use the earlier statement.  You may not consider the earlier statement as evidence or proof of the truth of any fact contained in the statement.

2.  THIRD PARTY CULPRIT DEFENSE: "It is established law that to show that A did not do a particular thing, evidence is admissible to show that one other than he did it, or had motive, intent, opportunity and is as likely as A to have done it" Commonewealth v. Murphy, 282 Mass. 595, 597 (1966).

In considering such evidence, the jury may consider whether or not it is remote in time, strong or weak in probative quality, and whether or not it is so connected with the events on which A's responsibility is predicated as to indicate that it is closely related to the facts of the case against A and forms part of that happening. Commonwealth v. Murphy, supra at 329-330; Commonwealth v. Graziano, 368 Mass. 325, 329-330 (1975).

Therefore, the Defendant was in this case entitled to introduce evidence that another person was as likely as him to have committed the crime in this case in order to raise a reasonable doubt in the minds of jurors. Commonwealth v. Conkey, 443 Mass. 60, 66 (2004).

3.      THIRD PARTY CULPRIT DEFENSE: "It is established law that to show that A did not do a particular thing, evidence is admissible to show that one other than he did it, or had motive, intent, opportunity and is as likely as A to have done it" Commonewealth v. Murphy, 282 Mass. 595, 597 (1966).

In considering such evidence, the jury may consider whether or not it is remote in time, strong or weak in probative quality, and whether or not it is so connected with the events on which A's responsibility is predicated as to indicate that it is closely related to the facts of the case against A and forms part of that happening.  Commonwealth v. Murphy, supra at 329-330; Commonwealth v. Graziano, 368 Mass. 325, 329-330 (1975).

Therefore, the Defendant was in this case entitled to introduce evidence that another person was as likely as him to have committed the crime in this case in order to raise a reasonable doubt in the minds of jurors.  Commonwealth v. Conkey, 443 Mass. 60, 66 (2004).

4.    <u>EQUALLY INCONSISTENT PROPOSITIONS</u>  "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof.: <u>Commonwealth v. Croft</u>, 345 Mass. 143, 145 (1962), quoting from <u>Commonwealth v. O'Brien</u>, 305 Mass. 393, 400 (1940).  If, in choosing among the possible inferences from the evidence presented, a jury necessarily would have had to employ conjecture, this is insufficient to sustain the burden of resting on the Commonwealth." <u>Commonwealth v. Croft</u>, 345 Mass. at 145.  See <u>Commonwealth v. O'Toole</u>, 52 Mass. App. Ct. 183, 187 (2001).

5          Evidence of Defendant's Prior Similar Acts

You have heard [will hear] evidence that [defendant] previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his/her character, [defendant] carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding;

    (1)    Whether [defendant] had the state of mind or intent necessary to commit the crime charged in the indictment;

or

    (2)    Whether [defendant] had a motive or the opportunity to commit the acts charged in the indictment;

or

    (3)    Whether [defendant] acted according to a plan or in preparation for commission of a crime;

or

    (4)    Whether [defendant] committed the acts he/she is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of [defendant's] prior similar acts. Even if you fmd that [defendant] may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that [defendant] committed the acts charged in this case.

Comment

(1) See Fed. R. Evid. 105; Huddleston v. United States. 485 U.S. 681, 691-92 (1988) ("[T]he trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted"). "Perhaps the safe course for a district court, whenever the matter is in doubt, is (where asked) to give a closing general instruction that bad character is not a permissible inference." United States v. Randazzo. 80 F.3d 623, 630 (1st Cir. 1996). Randazzo contains a discussion of the "distinction between 'direct evidence' and 'other crimes' or 'Rule 404(b)' evidence." Id-; see also United States v. Santagata. 924 F.2d 391, 393-95 (1st Cir. 1991).