UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>            Plaintiff,     )<br>                              )<br>     v.                       )<br>                              )<br>MICHAEL R. DEPPE,             )<br>            Defendant.        ) | Criminal No. 05-40007-FDS |

**<u>MOTION FOR ORDER OF FORFEITURE</u>**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture in the above-captioned case, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).  A proposed Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.   On March 30, 2005, a federal grand jury sitting in the District of Massachusetts returned a sixteen-count Superseding Indictment charging Defendant Michael R. Deppe, (the "Defendant"), with the following violations: Wire Fraud, in violation of 18 U.S.C. §§ 1343, and 2 (Counts One through Twelve); and Mail Fraud, in violation of 18 U.S.C. §§ 1341, and 2 (Counts Thirteen through Sixteen).

2.   The Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the Defendant's conviction of one or more of the mail and wire fraud offenses alleged in Counts One through Sixteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from

proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The property to be forfeited included without limitation:

    a.    $370,460 that Michael R. Deppe received from approximately 68 fraud victims between March, 2003 and February, 2005; and

    b.    $11,040.00 in United States currency seized from Michael R. Deppe and Jessica Deppe on February 4, 2005 in St. Augustine, Florida.

3. The Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraph (a) and (b) above.

4. On March 6, 2006, the Defendant pled guilty to Counts One through Eight, Thirteen, and Fourteen of the Superseding Indictment.  At a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant admitted that the

proceeds traceable to those offenses totaled $115,000 in United States currency.

5.   On May 2, 2006, after a six-day trial, a jury found the Defendant guilty of the mail and wire fraud offenses alleged in Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment.  Before trial, the Defendant had elected to have the Court determine forfeiture in this action.

6.   During trial, the government presented evidence establishing that the proceeds traceable to Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment totaled $263,174 in United States currency.  The evidence also established that proceeds in the amount of $22,585 in United States currency were refunded to victims of the Defendant's fraud scheme.

7.   The United States has not, as of this date, identified specific assets that constitute or were derived from proceeds of the Defendant's fraud.

8.   Accordingly, the United States seeks the entry of an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $355,589 in United States currency, an amount representing the proceeds of the Defendant's illegal activity in Counts One through Nine, and Eleven through Sixteen of the Superseding Indictment, less the amount of proceeds returned to victims.

9.  The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace.  See, e.g., United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999)(criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense); United States v. Conner, 752 F.2d 566, 576 (11th Cir. 1985)(criminal forfeiture follows defendant because it is in personam; money judgment against defendant for amount of money that came into his hands illegally is appropriate, government is not required to trace money to specific asset); United States v. Ginsburg, 773 F.2d 798, 801-02 (7th Cir. 1985)(en banc)(criminal forfeiture is personal judgment that requires defendant to pay total amount derived from criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); United States v. Amend, 791 F.2d 1120, 1127 (4th Cir. 1986)(same); United States v. Robilotto, 828 F.2d 940, 949 (2d Cir. 1987) (following Conner and Ginsburg; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); United States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant

for the amount of the illegally obtained proceeds).

10.  Once the Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment, as substitute assets.  See Candelaria-Silva, 166 F.3d at 42 (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (same).

WHEREFORE, by virtue of the Defendant's guilty plea and admissions at the Rule 11 hearing, and by virtue of the jury's verdicts and the evidence presented at trial, a money judgment should be entered against the Defendant.  The United States respectfully requests that this Court enter an Order of Forfeiture in the form submitted herewith.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney,

                                                /s/ Kristina E. Barclay
                                                ADAM BOOKBINDER
                                                SETH BERMAN
                                                KRISTINA E. BARCLAY
                                                Assistant U.S. Attorneys
                                                United States Courthouse
                                                Suite 9200
                                                1 Courthouse Way
                                                Boston, MA 02210
Date:  July 19, 2006                       (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion of the United States Motion for Order of Forfeiture, as well as the proposed Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                      <u>/s/ Kristina E. Barclay</u>
                                      Kristina E. Barclay
                                      Assistant U.S. Attorney

Dated: July 19, 2006

```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )   Criminal No. 05-40007-FDS
                             )
MICHAEL R. DEPPE,            )
          Defendant.         )
```

**ORDER OF FORFEITURE**

**SAYLOR, D.J.**

WHEREAS, on March 30, 2005, a federal grand jury sitting in the District of Massachusetts returned a sixteen-count Superseding Indictment charging Defendant Michael R. Deppe, (the "Defendant"), with the following violations: Wire Fraud, in violation of 18 U.S.C. §§ 1343, and 2 (Counts One through Twelve); and Mail Fraud, in violation of 18 U.S.C. §§ 1341, and 2 (Counts Thirteen through Sixteen);

WHEREAS, Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the Defendant's conviction of one or more of the mail and wire fraud offenses alleged in Counts One through Sixteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited included without limitation:

    a.   $370,460 that Michael R. Deppe received
         from approximately 68 fraud victims
         between March, 2003 and February, 2005;
         and

    b. $11,040.00 in United States currency seized from Michael R. Deppe and Jessica Deppe on February 4, 2005 in St. Augustine, Florida;

WHEREAS, Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraph (a) and (b) above;

WHEREAS, on March 6, 2006, the Defendant pled guilty to Counts One through Eight, Thirteen, and Fourteen of the Superseding Indictment, and at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure admitted that the proceeds traceable to those offenses totaled $115,000 in United States currency;

WHEREAS, on May 2, 2006, after a six-day trial, a jury found the Defendant guilty of the mail and wire fraud offenses alleged in Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the

Superseding Indictment;

WHEREAS, before trial, the Defendant elected to have the Court determine forfeiture in this action;

WHEREAS, during trial, the government presented evidence establishing that the proceeds traceable to Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment totaled $263,174 in United States currency, and the evidence also established that proceeds in the amount of $22,585 in United States currency were refunded to victims of the Defendant's fraud scheme;

WHEREAS, the United States has not, as of this date, identified specific assets that constitute or were derived from proceeds of the Defendant's fraud;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against the Defendant, Michael R. Deppe, in the amount of $355,589.00 in United States Currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.   The Defendant shall forfeit to the United States the sum of $355,589.00 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.   This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.   The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

                                                       _____
                                                       F. DENNIS SAYLOR, IV
                                                       United States District Judge

Date: _____