UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
     v.                        )    Criminal No. 05-40007-FDS
                               )
MICHAEL R. DEPPE,              )
          Defendant.           )
```

## ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on March 30, 2005, a federal grand jury sitting in the District of Massachusetts returned a sixteen-count Superseding Indictment charging Defendant Michael R. Deppe, (the "Defendant"), with the following violations: Wire Fraud, in violation of 18 U.S.C. §§ 1343, and 2 (Counts One through Twelve); and Mail Fraud, in violation of 18 U.S.C. §§ 1341, and 2 (Counts Thirteen through Sixteen);

WHEREAS, Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the Defendant's conviction of one or more of the mail and wire fraud offenses alleged in Counts One through Sixteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited included without limitation:

      a.    $370,460 that Michael R. Deppe received from approximately 68 fraud victims between March, 2003 and February, 2005; and

        b.    $11,040.00 in United States currency seized from Michael R. Deppe and Jessica Deppe on February 4, 2005 in St. Augustine, Florida;

WHEREAS, Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraph (a) and (b) above;

WHEREAS, on March 6, 2006, the Defendant pled guilty to Counts One through Eight, Thirteen, and Fourteen of the Superseding Indictment, and at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure admitted that the proceeds traceable to those offenses totaled $115,000 in United States currency;

WHEREAS, on May 2, 2006, after a six-day trial, a jury found the Defendant guilty of the mail and wire fraud offenses alleged in Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the

Superseding Indictment;

WHEREAS, before trial, the Defendant elected to have the Court determine forfeiture in this action;

WHEREAS, during trial, the government presented evidence establishing that the proceeds traceable to Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment totaled $263,174 in United States currency, and the evidence also established that proceeds in the amount of $22,585 in United States currency were refunded to victims of the Defendant's fraud scheme;

WHEREAS, the United States has not, as of this date, identified specific assets that constitute or were derived from proceeds of the Defendant's fraud;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against the Defendant, Michael R. Deppe, in the amount of $355,589.00 in United States Currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $355,589.00 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.  The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

_____
F. DENNIS SAYLOR, IV
United States District Judge

Date: 9.8.2006