UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>MICHAEL R. DEPPE,<br>    Defendant. | )<br>)<br>)<br>) Criminal No. 05-40007-FDS<br>)<br>)<br>) |

**PRELIMINARY ORDER OF FORFEITURE**

**SAYLOR, D.J.**

WHEREAS, on March 30, 2005, a federal grand jury sitting in the District of Massachusetts returned a sixteen-count Superseding Indictment charging Defendant Michael R. Deppe, (the "Defendant"), with the following violations: Wire Fraud, in violation of 18 U.S.C. §§ 1343, and 2 (Counts One through Twelve); and Mail Fraud, in violation of 18 U.S.C. §§ 1341, and 2 (Counts Thirteen through Sixteen);

WHEREAS, the Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the Defendant's conviction of one or more of the mail and wire fraud offenses alleged in Counts One through Sixteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including without limitation:

        a.    $370,460 that Michael R. Deppe received from approximately 68 fraud victims between March, 2003 and February, 2005; and

        b.    $11,040.00 in United States currency seized from Michael R. Deppe and Jessica Deppe on February 4, 2005 in St. Augustine, Florida (the "Currency");

WHEREAS, the Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraph (a) and (b) above;

WHEREAS, on March 6, 2006, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One through Eight, Thirteen, and Fourteen of the Superseding Indictment and admitted that the proceeds traceable to those offenses totaled $115,000 in United States currency;

WHEREAS, on May 2, 2006, after a six-day trial, a jury found the Defendant guilty of the mail and wire fraud offenses alleged in Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment;

WHEREAS, during trial, the government presented evidence establishing that the proceeds traceable to Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment totaled $263,174 in United States currency, and the evidence also established that proceeds in the amount of $22,585 in United States currency were refunded to victims of the Defendant's fraud scheme;

WHEREAS, on September 8, 2006, this Court endorsed an Order of Forfeiture, entering a money judgment against the Defendant in the amount of $355,589.00 in United States currency, because the specific assets that constituted, or were derived from, proceeds traceable to the Defendant's mail and wire fraud were no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c); and

WHEREAS, on February 4, 2005, agents with the United States Postal Service seized the Currency from Michael Deppe and Jessica Deppe in St. Augustine, Florida.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  The United States' Motion for Issuance of a Preliminary Order of Forfeiture is granted.

2.   Pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), all right, title and interest of the Defendant in the Currency is hereby forfeited to the United States of America for disposition according to law.

3.   The United States Marshals Service shall seize and hold the Currency in its secure custody and control.

4.   Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent

practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against the Defendant.

Dated: 9-29-06

F. DENNIS SAYLOR, IV
United States District Judge