UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
        v.              )     Criminal No. 05-40007-FDS
                             )
MICHAEL R. DEPPE,          )
           Defendant.    )

**UNITED STATES' MOTION**
**FOR PARTIAL FINAL ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Partial Final Order of Forfeiture in the above-captioned case, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).  A proposed Partial Final Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.  On March 30, 2005, a federal grand jury sitting in the District of Massachusetts returned a sixteen-count Superseding Indictment charging Defendant Michael R. Deppe, (the "Defendant"), with the following violations: Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Twelve); and Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Thirteen through Sixteen).

2.  The Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the Defendant's conviction

of one or more of the mail and wire fraud offenses alleged in Counts One through Sixteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The property to be forfeited includes, but is not limited to, the following:

      a.   $370,460 that Michael R. Deppe received from approximately 68 fraud victims between March, 2003 and February, 2005; and

      b.   $11,040.00 in United States currency seized from Michael R. Deppe and Jessica Deppe on February 4, 2005 in St. Augustine, Florida (the "Currency").

    3. The Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraph (a) and (b) above.

4.    On March 6, 2006, the Defendant plead guilty to Counts One through Eight, Thirteen, and Fourteen of the Superseding Indictment, and on May 2, 2006 a jury found the Defendant guilty of the mail and wire fraud offenses alleged in Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment.

5.    On September 8, 2006, the Court issued an Order of Forfeiture, ordering a money judgment against the Defendant in the amount of $355,589 in United States currency. See Order of Forfeiture, Docket Number 100.

6.    On September 29, 2006, the Court issued a Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the Currency. See Preliminary Order of Forfeiture, Docket Number 103.

7.    Notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the Boston Herald on November 21, 2006, November 28, 2006, and December 5, 2006.

8.    No claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on January 4, 2007.

3

WHEREFORE, the United States respectively moves that this Court enter the Partial Final Order of Forfeiture against the Currency in the form submitted herewith.

                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney,

                              /s/Kristina E. Barclay
                              ADAM BOOKBINDER
                              KRISTINA E. BARCLAY
                              Assistant U.S. Attorneys
                              United States Courthouse
                              Suite 9200
                              1 Courthouse Way
                              Boston, MA 02210
                              (617) 748-3100
Date: February 14, 2007

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion for Partial Final Order of Forfeiture, as well as the proposed Partial Final Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                              /s/ Kristina E. Barclay
                              Kristina E. Barclay
Dated: February 14, 2007     Assistant U.S. Attorney

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                             )
        v.             )    Criminal No. 05-40007-FDS
                             )
MICHAEL R. DEPPE,       )
        Defendant.    )

## PARTIAL FINAL ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on March 30, 2005, a federal grand jury sitting in the District of Massachusetts returned a sixteen-count Superseding Indictment charging Defendant Michael R. Deppe, (the "Defendant"), with the following violations: Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Twelve); and Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Thirteen through Sixteen);

WHEREAS, the Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the Defendant's conviction of one or more of the mail and wire fraud offenses alleged in Counts One through Sixteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including, but not limited to the following:

        a.    $370,460 that Michael R. Deppe received from approximately 68 fraud victims between March, 2003 and February, 2005; and

       b.    $11,040.00 in United States currency seized from Michael R. Deppe and Jessica Deppe on February 4, 2005 in St. Augustine, Florida (the "Currency");

WHEREAS, the Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraph (a) and (b) above;

WHEREAS, on March 6, 2006, the Defendant plead guilty to Counts One through Eight, Thirteen, and Fourteen of the Superseding Indictment, and on May 2, 2006 a jury found the Defendant guilty of the mail and wire fraud offenses alleged in Counts Nine, Eleven, Twelve, Fifteen, and Sixteen of the Superseding Indictment;

WHEREAS, on September 8, 2006, the Court issued an Order of Forfeiture, ordering a money judgment against the Defendant in the amount of $355,589 in United States currency;

WHEREAS, on September 29, 2006, the Court issued a

2

Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the Currency;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the Boston Herald on November 21, 2006, November 28, 2006, and December 5, 2006; and

WHEREAS, no claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on January 4, 2007.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.    The United States' Motion for Final Order of Forfeiture is allowed.

2.    The Currency is hereby forfeited to the United States of America in accordance with 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure.  The United States shall have clear title to the Currency.

3.    Any parties having any right, title, or interest in the Currency are hereby held in default.

4.    The United States Marshals Service is hereby authorized to dispose of the Currency in accordance with applicable law.

5.    This Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure.

DONE AND ORDERED in Worcester, Massachusetts, this ____ day of _____, 2007.

_____
F. DENNIS SAYLOR, IV
UNITED STATES DISTRICT JUDGE